**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| WILLIAM PAUL AULD, | Cause No. CV-04-118-M-LBE |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, MISSOULA COUNTY DETENTION FACILITY, JOHN S. HENSON, COLLEEN AMBROSE, | |
| Defendants. | |

_____

On January 13, 2005, this Court Ordered Plaintiff to file a Second Amended Complaint on the basis that (1) some of Plaintiff's claims appeared to be barred by Heck v. Humphrey, 512 U.S. 477, 480 (1994); (2) Plaintiff had failed to provide the Court will sufficient information regarding his claims that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights; and (3) Plaintiff did not name a Defendant who could be successfully sued in this Court.(Dkt. # 10).

Plaintiff requested an extension of time to file the Second Amended Complaint. (Dkt.# 13). On February 24, 2005, the Court granted Plaintiff's request and ordered Plaintiff to serve his Second Amended Complaint on or before March 28, 2005. (Id.). Plaintiff did not file his Second Amended Complaint as directed.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE   / PAGE 1

Accordingly, on September 16, 2005, this Court issued an Order requiring Plaintiff to show cause, within ten (10) days of the date of the Order, why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P. Plaintiff still did not respond to the Court's Orders.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).  However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Given Plaintiff's

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE   / PAGE 2

failure to amend his Complaint as directed, failure to respond to the Court's Orders, and the deficiencies in Plaintiff's original Complaint, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983).  It has been well over a year since Plaintiff has filed anything in this matter.  Plaintiff clearly knew his case was subject to dismissal and yet he failed to file an Amended Complaint.  The Court must be able to manage its docket.  Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987).  Defendants have not been served in this matter.  However, given Plaintiff's failure to respond to the Court's Orders, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE   / PAGE 3

1981).  Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  Id.  Plaintiff was given an extension of time to file his Second Amended Complaint and the Court gave him an opportunity to show cause why the case should not be dismissed.  Plaintiff failed to respond.

Although the Court could grant Plaintiff additional time to respond, this alternative appears futile given Plaintiff's refusal to respond to the Court.  Plaintiff will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the chance to challenge this Court's rulings.

The last factor weighs against denial of the petition because public policy favors the disposition of cases on their merits.  Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Plaintiff has refused to comply with the Orders of this Court (Dkt. #s 10, 13 and 14) and the Court finding that the relevant factors weigh in favor of dismissing the Complaint filed pursuant to 42 U.S.C. 1983, the Court enters the following:

**RECOMMENDATION**

That Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITHOUT PREJUDICE.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this 24th day of May, 2006.

       /s/ Leif B. Erickson
       Leif B. Erickson
       United States Magistrate Judge